**NO. _____**

---

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

---

*In re Morris Bart, LLC and Morris Bart, III,*

*Petitioners*

---

On Petition for Writ of Mandamus to the United States District Court
for the Southern District of Texas, Houston Division
Bankruptcy Case No. 4:24-bk-31596
Adv. Pro. No. 4:24-ap-3127

---

PETITION FOR WRIT OF MANDAMUS

---

| | |
|---|---|
| THE PROBUS LAW FIRM | FISHMAN HAYGOOD, L.L.P. |
| MATTHEW B. PROBUS | TRISTAN MANTHEY |
| (ATTORNEY IN CHARGE) | Tex. Bar No. 24042731 |
| TEX. BAR NO. 16341200 | REBEKKA C. VEITH, *pro hac vice* |
| 10497 Town and Country Way | 201 St. Charles Avenue |
| Suite 930 | Suite 4600 |
| Houston, Texas 77024 | New Orleans, Louisiana 70170 |
| (713) 258-2700 (Telephone) | (504) 586-5252 (Telephone) |
| (713) 258-2701 (Facsimile) | (504) 586-2520 (Facsimile) |
| matthewprobus@theprobuslawfirm.com | tmanthey@fishmanhaygood.com |
| | rveith@fishmanhaygood.com |

***ATTORNEYS FOR PETITIONERS,
MORRIS BART, LLC***

***OF COUNSEL FOR PETITIONERS,
MORRIS BART, LLC***

<u>**NOTICE OF INTERESTED PARTIES**</u>

The Interested Parties to this Petition for Writ of Mandamus[1] are as follows:

<u>**Petitioner/Defendant in Adversary Proceeding: Morris Bart, LLC**</u>
<u>**Petitioner/Non-Party in Adversary Proceeding: Morris Bart, III**</u>

Attorneys:

THE PROBUS LAW FIRM
MATTHEW B. PROBUS
(ATTORNEY IN CHARGE)
TEX. BAR NO. 16341200
10497 Town and Country Way, Suite 930
Houston, Texas 77024
(713) 258-2700 (Telephone)
(713) 258-2701 (Facsimile)
matthewprobus@theprobuslawfirm.com

-and-

FISHMAN HAYGOOD, L.L.P.
TRISTAN MANTHEY
Tex. Bar No. 24042731
REBEKKA C. VEITH, *pro hac vice*
201 St. Charles Avenue
Suite 4600
New Orleans, Louisiana 70170
(504) 586-5252 (Telephone)
(504) 586-2520 (Facsimile)
tmanthey@fishmanhaygood.com
rveith@fishmanhaygood.com

---

[1] Although this petition is filed in the district court seeking the writ to issue to the bankruptcy court, the petition conforms to the requirements of Fed. R. App. P. 21.

**Respondent/Plaintiff in Adversary Proceeding: MMA Law Firm, PLLC**

Attorneys:

WALKER & PATTERSON, P.C.
Miriam T. Goott
Tex. Bar No. 24048846
P.O. Box 61301
Houston, TX 77208
(713) 956-5577 (Telephone)
(713) 956-5570 (Facsimile)
mgoott@walkerandpatterson.com

# TABLE OF CONTENTS

NOTICE OF INTERESTED PARTIES . . . . . . . . . . . . . . . . . . . . . . . 2

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . 4

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . 5

RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . 7

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . 8

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . 9

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . 11

REASONS WHY THE WRIT SHOULD ISSUE . . . . . . . . . . . . . . . . . . . . . . . 18

    A. Standard for reviewing the Petition for Writ of Mandamus. . . . . . 18

    B. Petitioners have a clear and indisputable right to the writ. . . . . . . 18

       i.   The information Petitioners have been ordered to
          provide at the Show Cause Hearing is legally protected
          from disclosure. . . . . . . . . . . . . . . . . . . . . . . . 18

      ii.   Federal Rule of Civil Procedure 45 prevents
          Morris Bart, III from being required to appear
          and testify at the Show Cause Hearing. . . . . . . . . . . . . . . . . . 21

    C. There is no other adequate means for Petitioners to obtain
       the relief sought. . . . . . . . . . . . . . . . . . . . . . . . 22

    D. Conclusion. . . . . . . . . . . . . . . . . . . . . . . . 23

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . 24

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . 25

# TABLE OF AUTHORITIES

## CASES

*Boudreaux v. CJR Framing*,
    744 Fed. Appx. 208 (5th Cir. 2018). . . . . . . . . . . . . . . . . 18

*Cheney v. U.S. Dist. Ct. for D.C.*,
    542 U.S. 367, 124 S. Ct. 2576 (2004). . . . . . . . . . . . . . . . . 18

*Defense Distributed v. Bruck*,
    30 F.4th 414 (5th Cir. 2022). . . . . . . . . . . . . . . . . 18

*Gilmour Tr. for Grantor Trusts of Victory
    Parent Co., LLC v. Aetna Health, Inc.*,
    2020 WL 3184365
    (W.D. Tex. June 12, 2020). . . . . . . . . . . . . . . . . 21

*In re Avantal, S.A.*,
    343 F.3d 311 (5th Cir. 2003). . . . . . . . . . . . . . . . . 19

*In re Boeing Co.*,
    No. 21-40190, 2021 WL 3233504
    (5th Cir. July 29, 2021). . . . . . . . . . . . . . . . . 22, 23

*In re Depuy Orthopaedics, Inc.*,
    870 F.3d 345 (5th Cir. 2017). . . . . . . . . . . . . . . . . 18

*In re JPMorgan Chase & Co.*,
    916 F.3d 494 (5th Cir. 2019). . . . . . . . . . . . . . . . . 18

*In re Regents of the University of California*,
    101 F.3d 1386 (Fed. Cir. 1996). . . . . . . . . . . . . . . . . 23

*In re Spalding Sports Worldwide, Inc.*,
    203 F.3d 800 (Fed. Cir. 2000). . . . . . . . . . . . . . . . . 23

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008). . . . . . . . . . . . . . . . . 18

*Lloyd's Reg. N. Am., Inc.*,
    780 F.3d 283 (5th Cir. 2015).        . . . . . . . . . . . . . . .    18

*Miller v. Gorski Wladyslaw Estate*,
    No. 04-1250, 2007 WL 9734153 *3
    (W.D. La. Feb. 19, 2007).        . . . . . . . . . . . . . . .    20

*Thrasher v. Metropolitan Property and Cas. Ins. Co.,*
    No. 06-2317, 2007 WL 4553605 *2
    (W.D. La. Dec. 18, 2007).        . . . . . . . . . . . . . . .    19, 20

**STATUTES**

LA. R.S. 9:4112.        . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    19

**RULES**

Fed. R. Civ. P. 45(c)(1).        . . . . . . . . . . . . . . . . . . . . . . . . .    21
Fed. R. Evid. 501.        . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    18
Local Rule, E.D. La. 16.3.1.        . . . . . . . . . . . . . . . . . . . . . . . .    19

## <u>Relief Sought</u>

An order directing Judge Eduardo V. Rodriguez to vacate his Order Setting In-Person Hearing (Adv. Doc. 132) and his Order Setting In-Person Hearing (Adv. Doc. 135).

1. Whether the Bankruptcy Judge can order Petitioners to appear and show cause "why they should not be held in contempt or otherwise sanctioned for violating this Court's Injunction Order entered July 15, 2024 relating to the Order issued by Magistrate Judge North (the "Foskey Order")" when the communications with Magistrate Judge North were in connection with a mediation and those communications are protected from disclosure by applicable mediation confidentiality statutes and rules.

2. Whether the Bankruptcy Judge can order Petitioner Morris Bart, III, a non-party individual who resides, is employed, and transacts business in New Orleans, Louisiana to travel to and appear in person in the U.S. Courthouse in Houston, Texas for the Show Cause Hearing.

# INTRODUCTION

Morris Bart, LLC and Morris Bart, III seek a writ of mandamus from this District Court directing the Bankruptcy Judge to vacate his Order Setting In-Person Hearing (Adv. Doc. No. 132) (Exhibit 1) and his Order Setting In-Person Hearing (Adv. Doc. No. 135) (Exhibit 2) (the "Show Cause Orders"), because those Show Cause Orders will require the Petitioners to reveal communications that are the subject of mediation confidentiality.

The Foskey Order was entered by a United States Magistrate Judge for the Eastern District of Louisiana, Judge Michael North, who was presiding over Civil Action No. 23-5316, *Sherry Foskey, et al. v American Modern Property And Casualty Insurance Company*, in the United States District Court for the Eastern District of Louisiana (the "Foskey Case"). Judge North also presided over a mediation of the Foskey Case. Shortly after mediation of the Foskey Case concluded, Judge North entered the Foskey Order. In the Foskey Order, Judge North ordered Morris Bart, LLC's counsel to file a copy of the order in the bankruptcy case.

By ordering the Petitioners to appear and show cause why they should not be held in contempt or sanctioned for violating the Bankruptcy Court's preliminary injunction related to the Foskey Order, the Bankruptcy Judge has in effect ordered the Petitioners to testify and provide evidence of confidential communications in the Foskey mediation. If the Petitioners were to disclose those communications, they

would be violating Rule 16.3.1 of The Local Rules for the Eastern District of Louisiana and subject to sanctions for violating that rule under Rule 83.2.7 of The Local Rules for the Eastern District of Louisiana.

In addition, Petitioner Morris Bart, III, an individual who is not a party in the adversary proceeding and resides and works in New Orleans, Louisiana, seeks issuance of the writ of mandamus, because he is being forced to appear outside the 100-mile radius of the U.S. Courthouse in Houston.

The Petitioners seek a writ of mandamus because mandamus is the only avenue through which Petitioners can obtain legal relief from the Bankruptcy Court's Show Cause Orders which direct them to appear in person and subject the Petitioners to contempt and sanctions if they fail to appear and provide the testimony, which in and of itself will submit the Petitioners to sanctions. This Court should grant the Petition.

<u>**FACTUAL BACKGROUND**</u>

**A. Procedural History.**

On April 9, 2024, Appellee MMA Law Firm, PLLC ("MMA") filed for bankruptcy protection under chapter 11 of the Bankruptcy Code in the case styled *In re MMA Law Firm, PLLC*, Case No. 24-31596, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Bankruptcy Case"). On June 24, 2024, MMA filed an adversary complaint against Appellant Morris Bart, LLC ("Morris Bart") styled *MMA Law Firm, PLLC v. Morris Bart, LLC*, Adv. Pro. No. 24-ap-3127 (the "Adversary").

On July 9, 2024, the bankruptcy court held a hearing on MMA's application for preliminary injunction. After taking evidence and hearing argument, the bankruptcy judge ruled orally that he was granting a preliminary injunction. On July 15, 2024, the bankruptcy court entered a written Preliminary Injunction (the "Injunction"). (See Exhibit 3). The preliminary injunction enjoins Morris Bart, LLC as follows:

> **ORDERED** that Defendant, Morris Bart, and each of its agents, servants, employees and attorneys, including all those acting in concert or in participation with any of them, ARE HEREBY ENJOINED from taking any action, directly or indirectly, to prosecute claims regarding the Debtor's interest or any entitlement to fees or costs reimbursement in the Former Cases without further order from the Bankruptcy Court; and is further

> **ORDERED** that Defendant, Morris Bart, and each of its agents, servants, employees and attorneys, including all those acting in

concert or in participation with any of them, ARE HEREBY ENJOINED from taking any action or filing any pleading in any of the Former Cases that requests or would result in the determination of the Debtor's interest in a fee or a reimbursement of costs, and it is further

**ORDERED** that nothing in this Injunction prevents Morris Bart from otherwise continuing to prosecute the Former Cases on behalf of its clients and nothing in this Injunction prevents the clients in the Former Cases from recovering their portion of any settlement or award in a Former Case, without further order from this Court, and it is further

**ORDERED** that, after the entry of this Order, a 33.3% attorneys fee portion of any settlement or award in a Former Case, or, if an attorneys fee portion greater than 33.3% is collected, the amount of attorneys' fees collected, as well as the amount of expenses that MMA claims in that Former Case, shall be held in trust by Morris Bart until further order of this Court, but nothing in this Order shall prevent Morris Bart from recovering, not to be held in trust, its own out-of-pocket expenses advanced after Morris Bart assumed the representation in any Former Case, following review and approval by Debtor. Debtor shall provide its response to any request for review and approval of such expenses within five (5) business days after receipt of the request. Any dispute shall be resolved by this Court, and it is further

**ORDERED** that, no more than ten (10) business days following a written request in advance of any mediation or trial in a Former Case, Debtor shall provide to Morris Bart an accounting of the expenses it claims in the Former Case; and it is further

**ORDERED** that upon request, the Debtor shall timely (within 5 business days) endorse any settlement check or check for fees and/or costs as requested by Morris Bart, and it is further

**ORDERED** that any variation of the terms of this Injunction shall only be by further order of this Court, however Debtor understands and expressly agrees that circumstances may arise where, in order to resolve a Former Case, it is necessary to agree to a reduced attorneys fee, and Debtor agrees to confer with Morris Bart in those

circumstances and attempt to reach an agreement, to be approved by this Court, that a lesser attorneys fee portion than that contemplated in this Order may paid.

(See Exhibit 3, pp. 2-3).

On July 23, 2024, Morris Bart filed its timely Notice of Appeal of the Preliminary Injunction. That appeal is still pending in this Court under Civil Action No. 4:24-cv-2793.

MMA was counsel to Foskey in the Foskey Case until MMA's representation was terminated due to its conduct in the hurricane cases in Louisiana. Morris Bart, LLC was subsequently engaged by Foskey as counsel. The Foskey Case was the subject of a Case Management Order in the Eastern District of Louisiana and was sent to the special master for mediation. That mediation failed. Because the mediation with the special master failed, the special master sent a report to the Court in the Foskey Case advising the Court of the failed mediation. Judge North then set a settlement conference in numerous cases in which mediation failed, including the Foskey Case. (See Exhibit 4).

On November 14, 2024, Judge North held the settlement conference in the Foskey Case telephonically. Counsel for the defendant in the Foskey Case participated in the telephone settlement conference along with Morris Bart, LLC's attorney who was handling the Foskey Case. Settlement discussions took place.

On December 12, 2024, Judge North entered the Foskey Order. (Exhibit 5).

In the Foskey Order, Judge North explained generally why he was entering the order

in the first few paragraphs, writing:

> The undersigned recently held a settlement conference with the parties in this case. During that conference, an agreement in principle was reached, but certain impediments to final settlement arose that implicate the well-known and numerous misdeeds of Plaintiffs' former counsel, McClenny, Moseley & Associates ("MMA"). In a previous matter in this Court, the undersigned issued an Order – never appealed by MMA – finding that MMA had knowingly and voluntarily forfeited its rights to intervene or otherwise seek to recover fees and/or costs in <u>any</u> case then pending in this District, including this one. During the aforementioned settlement conference, the Court was made aware of certain pleadings, arguments, and rulings that have recently been made in the adversary proceeding, *MMA Law Firm, PLLC v. Morris Bart, LLC*, pending in the Bankruptcy Court for the Southern District of Texas ("the Bankruptcy Case").

> After reviewing the docket of that case and the associated master case, the Court is now aware that MMA has taken the position in the Bankruptcy Court that it never did, nor did it intend to, waive or forfeit its rights to recover fees in its former cases pending in this District as of April 5, 2024. The firm has also apparently taken the position in the Bankruptcy Case that this Court's Order in *Ricks* did not have the effect of forfeiting said rights to fees and/or costs in cases pending here. Neither of those things is true.

(Exhibit 5, pp. 1-2).

In the next to last sentence of the Foskey Order, Judge North ordered Morris Bart,

LLC "to file a copy of this Order in the record of the Bankruptcy Court for the

Southern District of Texas." (Exhibit 5, p. 11).

On December 12, 2024, in compliance with the Foskey Order, counsel for Morris Bart, LLC filed its Defendant's Notice of Order Entered in Sherry Foskey Case in the Adversary (Adv. Doc. No. 81) (Exhibit 6) and in the Civil Action in which the appeal of the Preliminary Injunction is pending (Civil Action 4:24-cv-2793, Doc. No. 21) (Exhibit 7), attaching a copy of the Foskey Order.

On December 12, 2024, the District Court entered an order rejecting in part the Report and Recommendation of the Bankruptcy Court and withdrew the reference over the Adversary. (Civil Action 4:24-cv-4446, Doc. No. 5).

On December 13, 2024, MMA filed its Debtor's Response to Notice Filed by The Probus Law Firm and Fishman Haygood, LLP on Behalf of Morris Bart, LLC in the Adversary (Adv. Doc. No. 82) (Exhibit 8) and its Debtor's Response to Notice Filed by Appellant Morris Bart, LLC (Civil Action 4:24-cv-2793, Doc. No. 22) (Exhibit 9). In that response, MMA alleged wholly groundless facts as follows:

6.      The entry of the Louisiana Order reveals that Morris Bart engaged in an unauthorized *ex-parte* meeting with Judge North, resulting in an advisory opinion from a non-bankruptcy court that lacks both personal and subject matter jurisdiction. This secretive action flagrantly disregarded due process, as the Debtor was intentionally excluded from any knowledge or participation in the meeting.

7.      The Louisiana Order, obtained by Morris Bart through these improper actions, is a deliberate attempt to undermine this Court's exclusive jurisdiction over property of the estate and the validity of the Injunction. A magistrate judge in the Eastern District of Louisiana lacks any authority to review, override, or otherwise interfere with the rulings of the Bankruptcy Court in the Southern District of Texas. Moreover, a magistrate judge in another district lacks jurisdiction over property of this Debtor's bankruptcy estate. Such overreach is a blatant affront to established jurisdictional boundaries and legal procedure.

8.      In complete defiance of this Court's authority, the automatic stay, and the Injunction, Morris Bart and its attorneys - The Probus Law Firm and Fishman Haygood, LLP – apparently orchestrated an *ex-parte* meeting with a flagrant and intentional disobedience of this Court's orders.

9.      Morris Bart deliberately concealed this *ex-parte* meeting from the Debtor and this Court, resulting in the Louisiana Order that constitutes a collateral attack on the Injunction, carried out in bad faith and with blatant procedural misconduct.

10.     This clandestine maneuver is nothing short of an act of bad faith and a total disregard for this Court's authority and orders.

On December 19, 2024, the District Court entered its Order in the appeal of the Preliminary Injunction relating to the Foskey Order. (Exhibit 10). In that Order, the District Court wrote in pertinent part:

> Morris Bart, LLC ("Morris Bart") filed an order with this court from the Eastern District of Louisiana case *Foskey et al v. American Modern Properly and Casualty Insurance Company.* 2:23-CV-5316 (the "*Foskey* Order"). (Doc. No. 21-1). MMA Law Finn. PLLC ("MMA" or "Debtor") filed a response claiming that Morris Bart obtained this order secretly by *ex parte* communications. (Doc. No. 22).
>
> For purposes of this Court's handling of the matter before it, this Court need not resolve the issue of how the *Foskey* Order came to be

issued.[1] Likewise. this Court need not rely upon, or even cite, the *Foskey* Order. While there is no live motion that accompanies either filing, the Court notes that it does not serve either side of this controversy or the overall resolution of MMA's bankruptcy proceeding for adverse parties to engage in hurling epithets or accusations against the other--especially when the attorneys doing the hurling are both practicing members of the Bar of this Court and were not involved in the underlying events that triggered this entire mess.

(Exhibit 10, p. 1).

On May 20, 2025, the District Court entered an order referring pretrial matters to the Bankruptcy Court for handling. (Civil Action 4:24-cv-4446, Doc. No. 21) (Exhibit 11).

MMA did nothing further with respect to the Foskey Order until October 1, 2025, when it filed its Motion for an Order to Show Cause Morris Bart, LLC and Additional Relief Under 11 U.S. C. §105(a) to Halt Morris Bart's Repeated Forum Shopping and Abuse of Process. (Adv. Doc. No. 130) (the "Show Cause Motion") (Exhibit 12). On October 3, 2025, the Bankruptcy Court entered the Show Cause Order setting the in-person show cause hearing for November 5, 2025. (Adv. Doc. No. 132) (Exhibit 1) (the "Show Cause Hearing"). On October 6, 2025, Morris Bart, LLC filed its  Defendant's Unopposed Expedited Motion for Reset Hearing Date (Adv. Doc. No. 134), which the Bankruptcy Court granted on October 7, 2025, (Adv. Doc. No. 135) (Exhibit 2), re-setting the show cause hearing to January 14, 2026.

## REASONS WHY THE WRIT SHOULD ISSUE

### A. Standard for reviewing the Petition for Writ of Mandamus.

In the Fifth Circuit, mandamus relief is available to obtain review of orders where: (1) the petitioner shows a "clear and indisputable right to the writ"; (2) the petitioner has "no other adequate means to attain the relief he desires"; and (3) the court is "satisfied that the writ is appropriate under the circumstances." *Defense Distributed v. Bruck*, 30 F.4th 414, 426 (5th Cir. 2022) (quoting *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380-81, 124 S. Ct. 2576, 2587, 159 L.Ed.2d 459 (2004)); *see also In re JPMorgan Chase & Co.*, 916 F.3d 494, 499 (5th Cir. 2019). To show a clear and indisputable right to the writ, the petitioner must show a "clear abuse[ ] of discretion that produce[s] patently erroneous results," *Lloyd's Reg.*, 780 F.3d at 290 (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008)), or "exceptional circumstances amounting to a judicial usurpation of power," *In re Depuy Orthopaedics, Inc.*, 870 F.3d 345, 350 (5th Cir. 2017) (quoting *Cheney*, 542 U.S. at 380, 124 S. Ct. at 2587).

### B. Petitioners have a clear and indisputable right to the writ.

#### i. The information Petitioners have been ordered to provide at the Show Cause Hearing is legally protected from disclosure.

In a civil action such as the Adversary, where state law supplies the rule of decision, privileges are to be determined in accordance with state law. FED. R. EVID. 501; *Boudreaux v. CJR Framing*, 744 Fed. Appx. 208, 209 (5th Cir. 2018); *In re*

*Avantal, S.A.*, 343 F.3d 311, 318 n. 6 (5th Cir. 2003). Louisiana law regarding the mediation privilege provides that

> All oral and written communications and records made during mediation, whether or not conducted under this Chapter and **whether before or after the institution of formal juridical proceedings**, are **not subject to disclosure**, and may not be used as evidence in any judicial or administrative proceeding. . . The **parties, counsel, and other participants therein shall not be required to testify concerning the mediation proceedings and are not subject to process or subpoena, issued in any judicial or administrative procedure**, which requires the **disclosure of any communications or records of the mediation**….

LA. R.S. 9:4112 (A) and (B)(1) (emphasis added). Although the statute sets forth certain exceptions to the privilege, none of those exceptions apply here. Morris Bart and his attorneys have the right to ask this court to prevent disclosure of communications or materials subject to the mediation privilege. LA. R.S. 9:4112 (D). The local rules of the Eastern District of Louisiana similarly recognize that alternative dispute resolution proceedings, including mediations, are confidential. Local Rule, E.D. La. 16.3.1.

The express terms of the Louisiana statute provide a broad privilege against discovery and use of mediation communications as evidence in any judicial proceeding. It is the policy of the State of Louisiana to encourage the peaceable resolution of disputes, including the settlement of pending litigation through mediation. Mediation encourages candid disclosures, and indeed, depends on them. For these reasons, the privilege is applied strictly. *See Thrasher v. Metropolitan*

*Property and Cas. Ins. Co.,* No. 06-2317, 2007 WL 4553605 *2 (W.D. La. Dec. 18, 2007) (rejecting argument by party seeking discovery that it did not expect to present the communications as evidence). The phrase "made during mediation" is not limited to communications made in a face-to-face meeting. *Miller v. Gorski Wladyslaw Estate*, No. 04-1250, 2007 WL 9734153 *3 (W.D. La. Feb. 19, 2007). "Since the Louisiana Mediation Act defines "mediation" as a procedure whereby a 'mediator' facilitates communication between the parties, it is reasonable to construe the term 'made during mediation' to mean communications through, with or in front of a mediator, or, perhaps, communications between the parties directly, but made at the mediator's urging or direction." *Id.* As the *Miller* court further noted,

> It is not unusual for negotiations to continue after a mediation session with a mediator has concluded if no settlement is reached. Sometimes these negotiations continue with the mediator and sometimes the negotiations occur between the parties without involving the mediator. This court is well aware that mediation is a "process" and not a formal proceeding. **As long as communication between the parties involves the mediator, then that communication can be truly said to be "during the mediation", even if the face-to-face mediation has ended**.

*Id.* The *Miller* court enforced the mediation privilege in spite of the discovering party's argument that the information and communications they sought related to the court's determination of the meaning and enforceability of the settlement agreement. *Id.*

### ii. Federal Rule of Civil Procedure 45 prevents Morris Bart, III from being required to appear and testify at the Show Cause Hearing.

The Bankruptcy Court has ordered Petitioner Morris Bart, III to travel from New Orleans, Louisiana to Houston, Texas and appear in-person to testify at the Show Cause Hearing. This is a clear abuse of the Bankruptcy Court's discretion and amounts to a judicial usurpation of power.

Under Fed. R. Civ. P. 45(c)(1), a court may only compel a person to attend a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person, or . . . within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense. Fed. R. Civ. P. 45(c)(1). Mr. Bart resides, is employed, and regularly transacts business in New Orleans, Louisiana. Rule 45(c)(1) does not provide any grounds for the Bankruptcy Court to order Mr. Bart to appear in Houston, Texas to testify.

Nor does the Court's inherent power to sanction extend to non-parties like Mr. Bart, such that it allows for an order compelling Mr. Bart to attend the Show Cause hearing. *See, e.g.*, *Gilmour Tr. for Grantor Trusts of Victory Parent Co., LLC v. Aetna Health, Inc.*, 2020 WL 3184365, at *13 (W.D. Tex. June 12, 2020) ("As to the Court's inherent power to sanction bad faith conduct, it is unclear whether this

power even extends to the conduct of non-parties like [Mr. Bart].") Moreover, when, as MMA is here, a party seeks sanctions under the Court's inherent power, it is a threshold requirement that the party "provide the Court with clear and convincing evidence of bad faith." *Id.*

MMA made no such showing in its Show Cause Motion that would in turn permit the Court to require Mr. Bart to appear in Houston and potentially be subject to sanctions. There has been no evidence presented that would suggest that Mr. Bart individually had anything to do with the mediation of the Foskey Case or the Foskey Order. In fact, Judge North's order seemed to have been precipitated by his own research of the docket in the main bankruptcy case and the Adversary. There is no evidence at all to support the extraordinary exercise of the Bankruptcy Court's "inherent power" to order the owner of Morris Bart, LLC to travel from New Orleans to Houston to testify about what occurred in a mediation he did not attend. The Bankruptcy Judge has clearly abused his discretion in ordering Mr. Bart to appear and testify at the Show Cause hearing. This abuse of discretion produces patently erroneous results and amounts to a judicial usurpation of power.

### C. There is no other adequate means for Petitioners to obtain the relief sought.

If Petitioners are required to to appear at the Show Cause Hearing and testify regarding the Foskey mediation, and thus confidential mediation communications are revealed, there is no adequate remedy on appeal to address the disclosure of those

communications. Mandamus is appropriate in this circumstance. *See, e.g.*, *In re Boeing Co.,* No. 21-40190, 2021 WL 3233504, at *2 (5th Cir. July 29, 2021) (granting a petition for a writ of mandamus following an order to produce privileged documents because "as is often the case where a petitioner claims that the district court erroneously ordered disclosure of attorney-client privileged documents, there is no other adequate means of relief."); *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 804 (Fed. Cir. 2000) ("[W]hen a writ of mandamus is sought to prevent the wrongful exposure of privileged communications, the remedy of mandamus is appropriate 'because maintenance of the attorney-client privilege up to its proper limits has substantial importance to the administration of justice, and because an appeal after disclosure of the privileged communication is an inadequate remedy.'") (quoting *In re Regents of the University of California,* 101 F.3d 1386, 1387 (Fed. Cir. 1996)).

Similarly, there is no adequate remedy on appeal from the order directing Mr. Bart to appear in person in Houston, because an appeal after the appearance takes place would also result in an inadequate remedy.

### D. Conclusion.

For the foregoing reasons, Petitioners have a clear and indisputable right to relief preventing the Bankruptcy Court from requiring the disclosure of privileged communications and from requiring the appearance of non-party Morris Bart, III at

a sanctions hearing more than 100 miles from the place where Mr. Bart lives and regularly transacts business.  And there is no other adequate means for Petitioners to obtain the relief sought, because an appeal after privileged information is required to be disclosed and after Mr. Bart is required to appear would be an inadequate remedy.  This Court should thus grant the Petition and issue the writ of mandamus to the Bankruptcy Court.

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2025, this Petition for Writ of Mandamus was filed with the Clerk of the United States District Court for the Southern District of Texas by using the CM/ECF system, and the following parties have been served a copy of the petition via United States mail, first class, postage prepaid, on the following persons:

Counsel for Respondent MMA Law Firm, PLLC
WALKER & PATTERSON, P.C.
Miriam T. Goott
Tex. Bar No. 24048846
P.O. Box 61301
Houston, TX 77208

Bankruptcy Judge of Adversary
Judge Eduardo V. Rodriguez
515 Rusk Avenue
Courtroom 8B
Houston, TX 77002

By:/s/ Matthew B. Probus
Matthew B. Probus
Attorney-in-Charge for Petitioners,
Morris Bart, LLC and Morris Bart, III

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limitation contained in Fed. R. App. P. 21 with respect to petitions for writ of mandamus. The brief was prepared in Microsoft Word for Mac, version 16.93, in 14-point Times New Roman font and contains 4,977 words.

By:*/s/ Matthew B. Probus*
Matthew B. Probus
Attorney-in-Charge for Petitioners,
Morris Bart, LLC and Morris Bart, III