# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| **IN RE MORRIS BART, LLC** § | | |
| **AND MORRIS BART, III,** § | **Civil Action No. 4:25-cv-4917** | |
| § | | |
| *Petitioners.* § | **(Adversary Pro. No. 24-3127)** | |

## EMERGENCY MOTION FOR STAY PENDING REVIEW OF PETITION

TO THE HONORABLE U.S. DISTRICT JUDGE OF SAID COURT:

COME NOW, MORRIS BART, LLC AND MORRIS BART, III, and make this their Emergency Motion for Stay Pending Review of Petition, and would show as follows:

## INTRODUCTION

The Petitioners, Morris Bart, LLC and Morris Bart, III, filed their Petition for Writ of Mandamus (the "Petition"). The Petitioners seek an order staying enforcement of the Orders of the Bankruptcy Court setting the contempt hearing until this Court has an opportunity to consider and rule on the Petition for Writ of Mandamus.

## FACTUAL BACKGROUND

The relevant background facts are contained in the Petition, so the Petitioners will not duplicate those facts here. Nevertheless, the basic facts are as follows:

1. On October 3, 2025, the Bankruptcy Court entered an order directing the Petitioners to "appear in person before this Court and show cause why they should not be held in contempt or otherwise sanctioned for violating this Court's Injunction Order entered on July 15, 2024[2] relating to the *Ex Parte* Order issued by Magistrate Judge North (the "*Foskey Order*") in the *Civil Action No. 23-5316,* Shery Foskey, et al. v American Modern Property And Casualty Insurance Company (the "*Foskey Case*")[3] . . . including but not limited to attorney's fees and costs, if it finds that Morris Bart, LLC or its representatives acted in violation of the Injunction or otherwise engaged in improper conduct or abuse of process." The Bankruptcy Court set the evidentiary hearing for November 5, 2025, at 1:30 p.m. in Courtroom 8B, at the U.S. Courthouse in Houston, Texas.

2. On October 7, 2025, the Bankruptcy Court issued an order resetting the contempt hearing to January 14, 2026, at 1:30 p.m. in Courtroom 8B, at the U.S. Courthouse in Houston, Texas.

3. The order requires the Petitioners to file a notice with the Clerk no later than October 17, 2025, with "contact information [of] all attorney's employed by or acting on behalf of Morris Bart, LLC who were present for the mediation of the *Foskey* case before Magistrate Judge North, or who participated in, facilitated, or had any communications, meetings, or other involvement with

Magistrate Judge North, his chambers, or his staff in connection with the mediation of the *Foskey* case or the entry of the *Ex Parte* Foskey Order."

## REASONS WHY A STAY SHOULD BE GRANTED

"The party who seeks a stay must show: (1) likelihood of success on the merits, (2) irreparable injury if the stay is not granted, (3) absence of substantial harm to the other parties from granting the stay, and (4) service to the public interest from granting the stay." *Hunt v. Bankers Tr. Co.*, 799 F.2d 1060, 1067 (5th Cir. 1986). "The movant need not prevail on all four factors." *In re TMT Procurement Corp.*, No. 13-33741, 2014 WL 1577475, at *2 (Bankr. S.D. Tex. Apr. 16, 2014) (citing to *Arnold v. Garlock, Inc.,* 278 F .3d 426, 438–39 (5th Cir. 2001)).

To satisfy the first factor – likelihood of success on the merits – movants normally must show a probability of success on the merits. *See Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 373 (5th Cir. 2023). To satisfy this factor, "…the Fifth Circuit has held that a movant must…present a prima facie case but need not show that he is certain to win…" *In re Dernick*, No. 18-32417, 2019 WL 236999, at *2 (Bankr. S.D. Tex. Jan. 16, 2019). Alternatively, the Fifth Circuit has held that a less stringent standard applies if the movant presents "a substantial case on the merits when a serious legal question is involved and show[s] that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981).

3

The Petitioners have a likelihood of success on the merits for the reasons stated at length in the Petition. *See, e.g.*, *In re Boeing Co.,* No. 21-40190, 2021 WL 3233504, at *2 (5th Cir. July 29, 2021) (granting a petition for a writ of mandamus following an order to produce privileged documents because "as is often the case where a petitioner claims that the district court erroneously ordered disclosure of attorney-client privileged documents, there is no other adequate means of relief."); *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 804 (Fed. Cir. 2000) ("[W]hen a writ of mandamus is sought to prevent the wrongful exposure of privileged communications, the remedy of mandamus is appropriate 'because maintenance of the attorney-client privilege up to its proper limits has substantial importance to the administration of justice, and because an appeal after disclosure of the privileged communication is an inadequate remedy.'") (quoting *In re Regents of the University of California,* 101 F.3d 1386, 1387 (Fed. Cir. 1996)).

The Show Cause Orders will require the Petitioners to reveal communications that are the subject of mediation confidentiality. By ordering the Petitioners to appear and show cause why they should not be held in contempt or sanctioned for violating the Bankruptcy Court's preliminary injunction related to the Foskey Order, the Bankruptcy Judge has in effect ordered the Petitioners to testify and provide evidence of confidential communications in the Foskey mediation. If the Petitioners were to disclose those communications, they would be violating Rule 16.3.1 of The

4

Local Rules for the Eastern District of Louisiana and subject to sanctions for violating that rule under Rule 83.2.7 of The Local Rules for the Eastern District of Louisiana. In addition, Petitioner Morris Bart, III, an individual who is not a party in the adversary proceeding and resides and works in New Orleans, Louisiana, seeks issuance of the writ of mandamus, because he is being forced to appear outside the 100-mile radius of the U.S. Courthouse in Houston.

The Petitioners will suffer irreparable harm, because once forced to testify, they will have disclosed the privileged mediation communications and cannot "put the cat back in the bag."

There will be no substantial harm to the Respondents. The communications in the mediation that the Show Cause Orders relate to occurred in late 2024, almost a full year ago. There will be no harm to the Petitioners to stay a contempt hearing until this Court can determine if the writ should issue.

Granting the stay will serve the public interests. The Petitioners are being forced to appear and disclose privileged communications from a mediation. Mediations as a form of alternative dispute resolution and the privilege of confidentiality of the settlement discussions is in the public interest. Granting the stay while this Court determines if the writ should issue will serve that public interest.

        Respectfully submitted,

**THE PROBUS LAW FIRM**

By: */s/ Matthew B. Probus*
    Matthew B. Probus
    (Attorney in Charge)
    Texas Bar No. 16341200
    Fed. I.D. No. 10915

10497 Town and Country Way, Suite 930
Houston, Texas 77024
Telephone: (713) 258-2700
Facsimile:  (713) 258-2700
matthewprobus@theprobuslawfirm.com

*ATTORNEYS FOR APPELLANT,
MORRIS BART, LLC*

    -and-

OF COUNSEL:

FISHMAN HAYGOOD, L.L.P.

Tristan Manthey
Tex. Bar No. 24042731
Rebekka C. Veith, *pro hac vice*
201 St. Charles Avenue, Suite 4600
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
Facsimile: (504) 586-2520
tmanthey@fishmanhaygood.com
rveith@fishmanhaygood.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on October 15, 2025, a copy of this Emergency Motion for Stay Pending Review of Petition was filed with the Clerk of the United States District Court for the Southern District of Texas by using the CM/ECF system, and the following parties have been served a copy of the petition via email and United States mail, first class, postage prepaid, on the following persons:

     Counsel for Respondent MMA Law Firm, PLLC
WALKER & PATTERSON, P.C.
Miriam T. Goott
Tex. Bar No. 24048846
P.O. Box 61301
Houston, TX 77208
mgoott@walkerandpatterson.com

     Bankruptcy Judge of Adversary
Judge Eduardo V. Rodriguez
515 Rusk Avenue
Courtroom 8B
Houston, TX 77002
Via case manager at norma_j_chavez@txs.uscourts.gov

                          By:*/s/ Matthew B. Probus*
                                 Matthew B. Probus