Case 4:25-cv-04917   Document 15   Filed on 12/03/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 03, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MORRIS BART, LLC<br>*Petitioner,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-4917 |
| MMA LAW FIRM, PLLC<br>*Respondent.* | § § § § § | ADVERSARY PRO. NO. 24-3127 |

## ORDER

Pending before this Court is Petitioner Morris Bart, LLC's ("Morris Bart") Emergency Motion for Stay Pending Review of Petition (Doc. No. 2). Respondent MMA Law Firm, PLLC ("MMA") filed a response. (Doc. No. 6). In this civil action (of the many before this Court), Morris Bart filed a Writ of Mandamus to challenge the Bankruptcy Court's Orders Setting In-Person Hearing (Doc. Nos. 1-1, 1-2) (the "Show Cause Orders") related to the alleged violation of the Bankruptcy Court's Preliminary Injunction in *Sherry Foskey, et al. v. American Modern Property and Casualty Insurance Company*, No. 23-5316, in the Eastern District of Louisiana (the "*Foskey* case"). The Show Cause Orders set an evidentiary hearing to require Morris Bart to "show cause why they should not be held in contempt or otherwise sanctioned for violating this Court's Injunction Order entered on July 15, 2024 relating to the *Ex Parte* Order issued by Magistrate Judge Michael North." (Doc. No. 1-1). The Bankruptcy Court has scheduled the contempt hearing for January 14, 2026. (Doc. No. 1-2). Morris Bart requests this Court to stay the Show Cause Orders and the contempt hearing. The Emergency Motion is **GRANTED**, and the Show Cause Orders and the hearing are hereby stayed until further instruction from this Court.

This Court held an in-person hearing on December 2, 2025 to discuss most of the motions pending between Morris Bart and MMA, including the pending issues related to the *Foskey* case.[1] Amidst the several appeals and motions pending before this Court out of this adversary proceeding, the Court identified that one of the central issues in this litigation is whether MMA waived its right to collect attorneys' fees or costs for every case pending in the Eastern District of Louisiana prior to filing for bankruptcy. On the one hand, Morris Bart argues that before the automatic bankruptcy stay was ever initiated, MMA represented to courts in the Eastern District of Louisiana that it waived any right to collect any fees or costs in any pending case in the Eastern District of Louisiana. Morris Bart argues that Magistrate Judge North, among other Eastern District judges, relied on MMA's express waiver to the court and held that "MMA has knowingly and completely waived its rights to intervene or otherwise seek to recover fees and/or costs in this or any other lawsuit pending in the District." *Ricks v. Imperial Fire & Cas. Ins. Co.*, 2024 WL 1750738, at *1 (E.D. La. Apr. 5, 2024), *report and recommendation adopted*, 2024 WL 1740172 (E.D. La. Apr. 23, 2024). On the other hand, MMA argues that while the *Ricks* order (as well as at least three other post-bankruptcy orders) prevents MMA from intervening in any case to collect attorneys' fees or costs, the order does not prevent MMA from seeking fees directly from other law firms like Morris Bart.

The Court finds the question of the pre-petition waiver of any attorneys' fees and costs in the Eastern District of Louisiana to be of critical importance to the overall resolution of this litigation, including whether Morris Bart violated the Bankruptcy Court's Preliminary Injunction

---

[1] At the hearing, the Court also heard oral argument related to certain discovery issues related to the *Foskey* case. Those issues arise out of a different cause number, *In re MMA Law Firm, PLLC*, No. 4:25-CV-5576. In that case, Morris Bart appealed the Bankruptcy Court's ruling on several requests for production. The Court entered a separate order in that case and adopts those rulings herein.

2

and/or bankruptcy stay. While the Bankruptcy Court has ruled that certain orders emanating from the Eastern District of Louisiana are not binding on it, *In re MMA Law Firm, PLLC*, 673 B.R. 174, 204 (Bankr. S.D. Tex. Aug. 12, 2025), the Court also notes that there is an existing *en banc* order in the Eastern District of Louisiana that finds that the Bankruptcy Court injunction "is inapplicable to cases pending in this District." *In re Hurricane Ida Claims*, Order Regarding Settlement of Former MMA Cases (Dec. 19, 2024).[2] Thus, the existing situation seemingly pits the order of one court against the order of another with the lawyers perhaps caught in the middle. The resolution of this issue is of great importance to the ongoing matters pending both in the Bankruptcy Court and those in this Court, as well as to the overall outcome of a significant number of the underlying cases. The Court hereby **GRANTS** Morris Bart's motion to stay the Show Cause Orders and any hearing on potential claims of contempt and all specifically related discovery until a further order of this Court.

It is so ordered.

Signed on this the 3rd day of December 2025.

Andrew S. Hanen
United States District Judge

---

[2] A copy of this order, which is not available on Westlaw, can be found at laed.uscourts.gov/sites/default/files/pdfs/Order_MMA_Opinions.pdf.